## JOHN BEAN et al. v. STATE.

No. A-6207. Opinion Filed Feb. 25, 1928.
(264 Pac. 223.)

R. E. Davenport, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. The information in this case charged that in Grady county, November 10, 1925, John Bean, Marve Bean, and Irvin Holmes "did have possession of intoxicating liquor, to wit, one pint of whisky, with the unlawful intent to sell the same." On the trial the jury returned a verdict finding the three defendants guilty, and fixing the punishment of each at a fine of $50 and 30 days in jail. The court set aside the verdict, and discharged the defendant Holmes, and overruled the motion for new trial as to appellants.

It is contended in this court that the verdict is not sustained by sufficient evidence, and that it is contrary to law. Exceptions were also reserved to certain instructions given by the court.

The testimony of three deputy sheriffs shows that in executing a search warrant they visited the home of appellants, and found on a shelf in the house a bottle that had some whisky in it. The defendant Holmes was the

only person in the house. He was in bed, and claimed to be sick.

At the close of the state's evidence, there was a motion for a directed verdict of acquittal on the ground that the evidence was insufficient to justify a conviction. The motion was overruled.

Marve Bean, as a witness in his own behalf, testified that his age is 18 years, and that he was living with his brother John at the time the place was raided; that they had three men working there picking cotton for them; that he did not know anything about the whisky found by the officers being there; that he heard that the officers were there, and came to town and gave himself up.

John Bean, as a witness in his own behalf, testified that his age was 20 years; that he did not know anything about the pint of whisky that was found in the house.

Two or three character witnesses testified that they were acquainted with the general reputation of appellants as to being law-abiding citizens in the community, and that reputation was good.

We deem it sufficient to say that the testimony in this case is insufficient to support the finding of the jury, and for this reason, at the close of all the evidence, the court should have directed the jury to return a verdict of not guilty.

The judgment of the trial court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.